UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOYCE P. RUSHING                          CIVIL ACTION

VERSUS                                    NO: 15-269

WAL-MART STORES, INC. ET AL.              SECTION: R

<u>**ORDER AND REASONS**</u>

Before the Court is plaintiff Joyce Rushing's Motion to Remand to State Court.[1]  For the following reasons, the Court denies plaintiff's motion.

**I. BACKGROUND**

This dispute arises out of injuries sustained by plaintiff Joyce Rushing at defendant Wal-Mart Stores, Inc.'s location in Hammond, Louisiana.  Plaintiff alleges that Wal-Mart and its general manager, Nolan Baker, are liable under theories of negligence, respondeat superior and vicarious liability for injuries plaintiff allegedly sustained when two cases of drinks fell on her head as she attempted to remove a case of drinks from a shelf at the Wal-Mart location.

Plaintiff filed suit in the 21st Judicial District Court for the Parish of Tangipahoa on January 5, 2015.[2]  On January 29, 2015,

_____

[1]    R. Doc. 6.

[2]    R. Doc. 1, Ex. A.

Wal-Mart and Baker removed the suit to federal court.  Although complete diversity is lacking because plaintiff and Baker are Louisiana citizens for the purposes of diversity jurisdiction, Wal-Mart asserts that plaintiff improperly joined Baker because it has no arguable or reasonable basis on which to state a cause of action against him.[3]  Plaintiff has filed a motion to remand, contending that it properly joined Baker and that because complete diversity does not exist, the Court lacks jurisdiction.

## II. LEGAL STANDARD

Plaintiff's remand motion is governed by the standard for improper joinder, as set forth below.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.

---

[3]    R. Doc. 1 at 2.

2002).   Accordingly, "[a]ny ambiguities are construed against removal."  *Id.*

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978).  Here, the parties do not dispute that the amount-in-controversy-requirement is met, but they disagree about whether the complete diversity requirement is satisfied.  As noted above, plaintiff has Louisiana citizenship as does defendant Baker, which would ordinarily destroy complete diversity.  *See McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).  And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332.  But a defendant *may* remove by showing that the nondiverse party was joined improperly.  *Smallwood v. Ill. Cent. R.R. Co.,* 352 F.3d 220, 222 (5th Cir. 2003).

The burden of demonstrating improper joinder is a heavy one, as the doctrine is a narrow exception to the rule of complete diversity.  *Id.*  A defendant may establish improper joinder by showing either "(1) actual fraud in pleading jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.* at 222-23. Here, there is no allegation that plaintiff fraudulently pleaded jurisdictional facts; accordingly, only the second prong of the

improper joinder test is at issue. To determine whether the individual defendants were improperly joined under the second prong, the Court asks whether "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.* at 223 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)) (internal quotation marks omitted).

"In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Menedez v. Wal-Mart Stores, Inc.,* 364 F. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood v. Ill. Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)). The scope of the inquiry for improper joinder, however, is even broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Smallwood,* 352 F.3d at 223 n.8 (citing *Travis v. Irby,* 326 F.3d 644, 648–49 (5th Cir.2003)); *see also Menendez*, 364 F. App'x at 69. In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis,* 326 F.3d at 649. So, too, must the Court

4

resolve all contested issues of fact and all ambiguities of state law in favor of the nonremoving party. *Id; Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 813 (5th Cir. 2011).

## III. DISCUSSION

In determining whether plaintiff can establish a cause of action against the non-diverse party in this case, the Court looks to Louisiana law setting forth the circumstances under which a corporate employee can be held individually liable for injuries to third persons. In *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973), *superseded by statute on other grounds*, La. Rev. Stat. § 23:1032, the Louisiana Supreme Court held that an employee may be personally liable for an invitee's injury on store premises only if four distinct criteria are satisfied:

1. The principal or employer owes a duty of care to the third person . . ., breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . .

4. . . . . [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

5

*Id.* at 721; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees." (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009))).

Plaintiff's state court petition alleges thirteen individual acts of negligence on the part of defendants Wal-Mart and Baker. Plaintiff first alleges that Wal-Mart and/or its employees had a legal duty to properly stock the shelves. This allegation is not specific to Baker. Plaintiff also alleges that Wal-Mart and Baker had a legal duty to supervise employees. Plaintiff alleges that Wal-Mart and Baker breached these duties by:

A. Failing to maintain proper supervision of its employees;

B. Failing to properly stock the shelves of the subject premises;

C. Failing to maintain a safe and proper look-out;

D. Failing to see they they [*sic*] should have seen;

E. Failing to exercise vigilance;

F. Failing to provide proper training and instructions to their employees;

G. Stocking shelves in a dangerous condition;

H. Stocking shelves at heights unreasonable for patrons;

I. Placing heavy items [*sic*] high shelves;

J. Stocking items in a dangerous condition; manner and configuration;

6

> K.   Placing too many items on a shelf;
>
> L.   Failure to reasonably inspect shelving to remove unreasonably dangerous conditions . . . .

Wal-Mart, as a merchant, owes its customers a duty "to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. 9:2800.6. Defendant contends that plaintiff cannot state a claim against Baker because she does not allege that Wal-Mart delegated any duty to Baker or that Baker has breached a duty through personal fault. The Court agrees.

In *Brady v. Wal-Mart Stores*, the court held that a store customer who was injured when several boxes fell on her arm could not recover damages from the store's manager because the customer had not alleged that the manager "was the employee who stacked the boxes improperly or who personally caused the accident." 907 F. Supp. 958, 960 (M.D. La. 1995). Similarly, in *Gautreau v. Lowe's Home Ctr., Inc.*, the court held that liability could not be imposed on the general manager of a store for injuries the plaintiff sustained when a shelving board fell from a display shelf and hit her because plaintiff had not alleged that the manager "actively contributed to or had any personal knowledge of [the] harmful condition" created by the shelf that was alleged to be improperly constructed. No. 12-630, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012). The court in *Gautreau* explained that "none of the allegations of negligent acts committed by [the manager]

7

contain[ed] any facts which distinguish[ed] [the manager's] alleged duty to the plaintiff from the general administrative responsibilities of his employment." *Id.* Finally, in *Carter v. Wal-Mart*, the plaintiffs attempted to bring a negligence claim against three Wal-Mart employees for damages the plaintiffs sustained when a metal display rack fell from overhead and landed on them. No. 04-72, 2005 WL 1831092, at *1 (W.D. La. July 28, 2005). The court held that the plaintiffs' action could not lie because they had offered no evidence that Wal-Mart had delegated any duty of care to the defendants or that the defendants actively contributed to the allegedly defective condition of the rack. *Id.* at *2-3. There, plaintiffs' generic allegations that "the manager was responsible for training other store employees and implementing procedures for others to follow" did not establish that the manager owed a personal duty to ensure the plaintiffs' safety, but instead, "deal[t] with [the manager's] general duties as a manager of a store where other employees will be involved in activities which affect the safety of the store patrons." *Id.* at *2. *See also Driver v. Wal-Mart La., LLC*, No. 09-786, 2009 WL 2913938, at *3 (W.D. La. Sep. 9, 2009) (finding that Wal-Mart employees had been improperly joined in a personal injury suit because the employees were not personally involved with the instrumentalities that caused the plaintiff's accident); *Thomas v. Wal-Mart La., LLC*, No. 11-0367, 2011 WL 3359929, at *2-3 (W.D. La. May 6, 2011) (same).

In contrast, this Court found in *Lounsbury v. Winn-Dixie Louisiana, Inc.*, that the defendant failed to demonstrate no "possibility" of a cause of action against an employee when the plaintiff alleged that the employee obstructed his passage and negligently tripped him. Civ. A. No. 95-2544, 1995 WL 626211, at *2 (E.D. La. Oct. 20, 1995). There, the alleged negligence did "not arise out of a 'general administrative responsibility,' but from a personal duty . . . ." *Id.*

Here, there are neither allegations nor evidence that Wal-Mart delegated any duty to Baker or that Baker breached a personal duty to plaintiff. Plaintiff fails to allege "that Wal-Mart ever delegated any of its duties to protect [her] safety . . . or that [Baker] ever acted unreasonably." *Carter*, 2005 WL 1831092, at *2. Instead, plaintiff generically alleges that Baker failed to supervise and to provide proper training and instructions to Wal-Mart's employees. As other courts have held, "[n]either of these assignments entails a personal duty to ensure plaintiff['s] safety." *See, e.g., id.* Further, plaintiff does not allege that Baker knew of or actively contributed to any alleged unsafe conditions. *See Gautreau*, 2012 WL 7165280, at *4. "This is a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'" *Carter*, 2005 WL 1831092, at *3 (quoting *Canter*, 283 So. 2d at 721).

Under such circumstances, plaintiff cannot recover against Baker under Louisiana law. Therefore, Baker has been improperly joined. As such, complete diversity exists between plaintiff and the properly joined defendant. Accordingly, plaintiff's motion to remand is denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this 8th day of April, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE